IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MOLLY M. GOSSON, Individually and as
Administrator of the Estate of Gary Gosson,

                       Plaintiff,

v.                                          Civil Action No.:  5:15-CV-536 (FJS/TWD)

UNITED STATES OF AMERICA,

                       Defendant.

## COMPLAINT

Plaintiff, Molly M. Gosson, Individually and as Administrator of the Estate of Gary Gosson, by her attorneys, Porter Nordby Howe LLP, as and for her Complaint against Defendant United States of America, hereby states and alleges as follows:

### NATURE OF THE CASE

1. This action seeks compensatory damages for the personal injuries, conscious pain and suffering and wrongful death suffered by Gary Gosson ("Mr. Gosson" or "Plaintiff's Decedent") as the result of medical malpractice committed by employees of Defendant.

2. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 and 2401(b), and the common law.

3. Plaintiff asserts these claims as a result of the negligence and medical malpractice committed by Defendant's employees, agents and/or representatives at the Federal Bureau of Prisons, 42 Patton Road, Ayer (Devens), MA 01432, including, but not limited to, at its Federal Medical Center ("FMC Devens"), from on or about May 22, 2012, through on or about September 16, 2012, inclusive.

4.      Plaintiff seeks the full extent of relief available under the aforementioned acts and laws including, but not necessarily limited to, compensatory damages for Mr. Gosson's personal injuries, conscious pain and suffering, medical expenses, future loss of earnings and wrongful death, and such other and further relief as to this Court may deem just, proper and equitable.

## PARTIES

5.      Plaintiff Molly M. Gosson ("Plaintiff") is an individual who resides at 5087 Reinman Road, Syracuse, New York, in the County of Onondaga, State of New York.

6.      On or about September 16, 2012, Gary Gosson ("Mr. Gosson" or "Plaintiff's Decedent") died while incarcerated at FMC Devens. He died as a legal resident of the County of Onondaga, State of New York.

7.      On or about May 16, 2014, Ellen S. Weinstein, Esq., Chief Clerk of the Onondaga County Surrogate Court, issued Letters of Administration to Plaintiff, thereby qualifying her to act as Administrator of the Estate of Mr. Gosson.

8.      Pursuant to Plaintiff's authority as Administrator of the Estate of Mr. Gosson, she is authorized to maintain this action on behalf of his Estate and distributees pursuant to New York Estates, Powers and Trusts Law §§ 5-4.1, 11-3.2 and 11-3.3, and other applicable law.

9.      Plaintiff is the adult daughter of Plaintiff's Decedent.

10.     Defendant United States of America ("Defendant") is a sovereign entity is a sovereign government and, by way of the FTCA, is a proper party to this action.

11.     From on or about May 22, 2012, through on or about September 16, 2012, inclusive, Defendant owned FMC Devens.

12.     From on or about May 22, 2012, through on or about September 16, 2012, inclusive, Defendant, by and through the Federal Bureau of Prisons, operated FMC Devens.

13. From on or about May 22, 2012, through on or about September 16, 2012, inclusive, Defendant, by and through its employees, agents and/or representatives, offered and furnished medical care and treatment to inmates at FMC Devens.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), the FTCA, and applicable laws.

15. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(e)(1)(C) because this action is against the United States, Plaintiff resides in this District, and no real property is involved in the action.

16. On or about May 28, 2014, Plaintiff, by and through her legal counsel, properly served a fully-and-properly-completed and duly-executed Standard Form 95 Claim for Damage, Injury or Death to the U.S. Department of Justice, Federal Bureau of Prisons, Northeast Regional Office. A copy of Standard Form 95, Addendum to Standard Form 95, and Affidavit of Service, are attached hereto as **Exhibit A** ("Claim").

17. By letter dated on or about July 7, 2014, a copy of which is attached hereto and incorporated herein as **Exhibit B**, Defendant, by and through the U.S. Department of Justice, acknowledged receipt of Plaintiff's claim.

18. By letter dated December 1, 2014, a copy of which is attached hereto as **Exhibit C**, Defendant denied Plaintiff's Claim.

19. This action is timely filed inasmuch it has been filed on or before June 1, 2015 (*i.e.*, within six months following Defendant's denial of the Claim).

## FACTUAL BACKGROUND

20. The subject medical treatment took place at FMC Devens.

21. At the times set forth herein, Mr. Gosson was a patient at FMC Devens.

22. On or about May 22, 2012, Mr. Gosson presented at FMC Devens for routine health screening.

23. On or about May 29 and 30, 2012, Mr. Gosson underwent an evaluation and physical exam. At that time, he advised the FMC Devens medical staff of his prior health history including, but not necessarily limited to, the following: prior gastric-bypass surgery, hypertension and chronic lymphedema. FMC Devens physician Jon Hojnoski, M.D. ("Dr. Hojnoski") noted Mr. Gosson's prior use of Lopressor and Lasix, noting also that with weight loss, and no medications for past four months except vitamin B12, Mr. Gosson had no complaints. Dr. Hojnoski renewed Mr. Gosson's medication orders for vitamin B12 for hypertension. FMC Devens staff member Daniel M. Goldstein, PA-C ("Mr. Goldstein") noted Mr. Gosson's request and need for compression stockings for chronic leg edema and requested permission for Mr. Gosson to receive custom stockings that would be sent from his home. Mr. Goldstein also ordered regular blood pressure checks for Mr. Gosson.

24. Mr. Goldstein's and Mr. Gosson's requests for custom compression stockings were denied on or about May 30, 2012, June 27, 2012, and July 10, 2012.

25. On or about June 27, 2012, Mr. Gosson sent an Inmate Request Form to Dr. Hojnoski requesting compression stockings and special-width footwear, previously ordered by Mr. Goldstein. Mr. Gosson reported that he was suffering from the following signs and/or symptoms due to lymphedema: swelling from his thighs to his feet resulting in inability to wear shoes without discomfort; redness from inflamed areas throughout his legs; difficulty walking up stairs to his unit; need for a lower bunk; skin so swollen it felt like "it might tear"; need for essential vitamins and minerals as recommended by his previous doctor; concern about weight gain, noting how distended

his stomach had become due to fluid build-up; his need to start Lasix; and his need to wear compression garments on his legs. Mr. Gosson did not receive a response to this request. The request was simply noted as "seen 8/6/12 by MD."

26.     On or about July 10, 2012, Mr. Gosson sent an Inmate Request Form to Dr. Hojnoski requesting an appointment to review his medical progress. Mr. Gosson noted swelling throughout his legs and feet, and now his stomach. Mr. Gosson also noted weight gain of 22 pounds since he had arrived at FMC Devens on 5/22/12.

27.     On or about July 16, 2012, FMC Devens employee Kate Golden, NA noted that Mr. Gosson requested to resume taking Lasix.

28.     On or about July 24, 2012, Dr. Hojnoski noted that he "will order venous stasis compressive stockings for chronic lymphedema . . . for both legs" for Mr. Gosson.

29.     On or about August 1, 2012, Mr. Gosson was evaluated for compression stockings and footwear by FMC Devens employee Kristian Burnham, PT ("Therapist Burnham"). Therapist Burnham noted that Mr. Gosson "will be seen when soft shoes arrive; instructed to wear Jobst stockings when on his feet and check feet daily."

30.     On or about August 7, 2012, Mr. Gosson presented to the FMC Devens clinic for evaluation of his chronic lymphedema. Dr. Hojnoski noted that Mr. Gosson received compression stockings one week prior for lower extremity edema that they were working well. Dr. Hojnoski also noted that Mr. Gosson was not exhibiting shortness of breath or other complaints. Dr. Hojnoski also noted that Mr. Gosson had not been on any medications for the past eight months, he had been losing weight, his hypertension had resolved, his obesity was improving, and his chronic lymphedema was improving with weight loss, exercise and compression stockings. Dr. Hojnoski discharged Mr. Gosson from the chronic care clinic that day.

31.     On or about Friday, September 7, 2012, Mr. Gosson presented to the FMC Devens clinic complaining of fatigue and weakness, also stating that he thought he was retaining fluids, and that he was short of breath, weaker than normal, and had not urinated in over three days. Carol Noyes, R.N. noted that Mr. Gosson's abdomen was distended and tender to palpitation in all four quadrants, and that his legs were +2 edema, very dry and a dusky red color. Mr. Gosson requested a diuretic, stating that in the past that was able to resolve his fluid retention for approximately three weeks at a time. Dr. Hojnoski noted as follows: abnormal swelling in Mr. Gosson's legs and Mr. Gosson's request for Lasix which had relieved this symptom in the past; decreased urination; decreased oral intake over past two days; weakness; fatigue; bloating; and intermittent pressure and mild distention of abdomen. Dr. Hojnoski assessment included lymphedema, shortness of breath and fluid retention. Dr. Hojnoski noted that "we will need to rewrite order for Lasix to HS so that patient will be able to receive it over the weekend." The 9/07/12 record is unclear whether this order was filled or not; however, a corrected note by Dr. Hojnoski dated 9/17/12 states that Lasix was given orally and ordered that day.

32.     Radiology reports in the FMC Devens record dated 9/07/12 note: (a) an abnormal chest exam (new effusions and atelectasis); and (b) abnormal abdomen exam (clips in LUQ with several dilated loops of bowels and air fluid levels – suspicious for small bowel obstruction). Mr. Gosson's records do not indicate that either of these reports was addressed by FMC Devens staff on 9/07/12.

33.     On or about Sunday, September 9, 2012, Mr. Gosson presented to the FMC Devens clinic after a unit officer notified the medical staff that Mr. Gosson was disoriented, and other inmates had stated he had not eaten in several days. Merissa Whitney, R.N. noted Mr. Gosson's

altered behavior and mental status, along with his pale skin and fingers that were cold and blue in color.

34.    On or about Sunday, September 9, 2012, Mr. Gosson was transferred from FMC Devens to Leominster Hospital, Leominster, MA 01453 ("Leominster"), and he was admitted for treatment due to altered mental status. A CT of Mr. Gosson's abdomen/pelvis revealed "massive ascites; small nodular liver; mild splenomegaly consistent with cirrhosis and portal hypertension."

35.    On or about Monday, September 10, 2012, Mr. Gosson was admitted to the Leominster critical care unit, he was vented for airway protection and he was unresponsive.

36.    Mr. Gosson remained at Leominster until his death on Sunday, September 16, 2012.

## FIRST CAUSE OF ACTION

### (Medical Malpractice – Personal Injuries)

37.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    At all relevant times, there was a physician-patient relationship between the medical providers at FMC Devens and Plaintiff's Decedent.

39.    In rendering medical care and treatment to Mr. Gosson, Defendant, by and through its employees, agents and representatives, owed him a duty and responsibility to use reasonable care and diligence.

40.    In rendering medical care and treatment to Mr. Gosson, Defendant, by and through its employees, agents and representatives, owed him a duty and responsibility to adhere to applicable standards of medical care in the community, and to not deviate or depart from good and accepted medical practice.

41. Defendant, by and through its employees, agents and/or representatives, failed to exercise reasonable care and diligence in rendering care and treatment to Mr. Gosson.

42. Defendant, by and through its employees, agents and/or representatives, failed to adhere to applicable standards of care in the community, and deviated from good and accepted medical practice, in rendering care and treatment to Mr. Gosson.

43. As a direct and proximate result of Defendant's negligence and medical malpractice, Mr. Gosson was caused to suffer severe personal injuries, fatigue, weakness, pain, inability to urinate, and inability to eat, caused him to experience and endure conscious pain and suffering, emotional distress, mental anguish, fear of impending death and loss of enjoyment of life.

44. Plaintiff prays for an award of compensatory damages on this cause of action in the amount of Five Million Dollars ($5,000,000.00).

## SECOND CAUSE OF ACTION

### (Medical Malpractice – Wrongful Death)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. As a direct and proximate result of Defendant's negligence and medical malpractice, Mr. Gosson died an untimely death.

47. By reason of the foregoing, Mr. Gosson's distributees have suffered pecuniary loss and have been deprived of his support, guidance, advice, love and affection, all to their damage and detriment.

48. Mr. Gosson is survived by his three adult children.

49. Expenses were incurred for the funeral, burial and associated costs in connection with Mr. Gosson's wrongful death.

50. Plaintiff prays for an award of compensatory damages on this cause of action in the amount of Five Million Dollars ($5,000,000.00).

## THIRD CAUSE OF ACTION

### (Lack of Informed Consent – Personal Injuries)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Average qualified members of the medical profession practicing the specialties of Defendant's employees, agents and/or representatives knew the potential risks, benefits and consequences of, and the alternatives to, Defendant's choice of treatment of Mr. Gosson.

53. Defendant, by and through its employees, agents and/or representatives, knew or should have known of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment of Mr. Gosson.

54. Defendant, by and through its employees, agents and/or representatives, failed to adequately inform and advise Mr. Gosson of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment.

55. Defendant, by and through its employees, agents and/or representatives, failed to adequately explain to Mr. Gosson the alternatives that were available to him.

56. If Defendant, by and through its employees, agents and/or representatives, had adequately informed and advised Mr. Gosson of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment, neither Mr. Gosson nor a reasonable person in his position would have elected Defendant's choice of care and treatment.

57. The potential risks, benefits and consequences of, and the alternatives to, Defendant's choice of care and treatment were material to a decision by Mr. Gosson, and would have been

material to any reasonable person in his position, as to whether to follow Defendant's choice of care and treatment.

58. The medical care and treatment rendered and afforded by Defendant to Mr. Gosson was rendered without first obtaining an adequate, informed consent from him.

59. As a direct and proximate result of Defendant's failure to obtain an adequate, informed consent from Mr. Gosson, he was caused to suffer severe personal injuries, fatigue, weakness, pain, inability to urinate, and inability to eat, caused him to experience and endure conscious pain and suffering, emotional distress, mental anguish, fear of impending death and loss of enjoyment of life.

60. Plaintiff prays for an award of compensatory damages on this cause of action in the amount of Five Million Dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION

### (Lack of Informed Consent – Wrongful Death)

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. As a direct and proximate result of Defendant's failure to obtain an adequate, informed consent from Mr. Gosson, he died an untimely death.

63. By reason of the foregoing, Mr. Gosson's distributees have suffered pecuniary loss and have been deprived of his support, guidance, advice, love and affection, all to their damage and detriment.

64. Mr. Gosson is survived by his three adult children.

65. Expenses were incurred for the funeral, burial and associated costs in connection with Mr. Gosson's wrongful death.

66.     Plaintiff prays for an award of compensatory damages on this cause of action in the amount of Five Million Dollars ($5,000,000.00).

**WHEREFORE,** Plaintiff demands monetary judgment against Defendant for personal injuries in the amount of Five Million Dollars ($5,000,000.00), and for wrongful death in the amount of Five Million Dollars ($5,000,000.00), for total monetary damages in the amount of Ten Million Dollars ($10,000,000.00), together with interest, costs, disbursements and attorneys' fees to the fullest extent permitted by law, and such other and further relief that this Court deems just and proper.

DATED:  April 30, 2015

PORTER NORDBY HOWE LLP
*Attorneys for Plaintiff*

By: _____
Michael S. Porter, of Counsel (512707)
Eric C. Nordby, of Counsel (506583)

Office & P.O. Address
125 East Jefferson Street, 11th Floor
Syracuse, New York 13202-2550
315.477.9900
315.477.9923 (facsimile)

**FAX SERVICE NOT ACCEPTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MOLLY M. GOSSON, Individually and as
Administrator of the Estate of Gary Gosson,

            Plaintiff,

v.

UNITED STATES OF AMERICA,

            Defendant.

Civil Action No.:

## CERTIFICATE OF MERIT UNDER N.Y. CPLR § 3012-a

I, MICHAEL S. PORTER, under penalties of perjury, hereby affirm as follows:

1.     I am an attorney duly licensed to practice law in the State of New York, and I am one of the attorneys for Plaintiff in the above action.

2.     I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this State, whom I reasonably believe is knowledgeable in the relevant issues involved in this action.

3.     I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

DATED: April 30, 2015

                                                                   MICHAEL S. PORTER